GLD-094                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4252
_____

JODY K. BUTTS,
Appellant

v.

RYAN HYDE, Assistant Director BVRS, OVR, Department of Labor and Industry;
Mrs. Z MORRIS; SUSAN NEWCOMER; MARGARET MCKENNA, CAP Advocacy

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-11-cv-00597)
District Judge:  Honorable John E. Jones III

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2012

Before: FUENTES, GREENAWAY, JR., AND STAPLETON, Circuit Judges

(Opinion filed: January 31, 2012)
_____

OPINION
_____

PER CURIAM

   Jody Butts appeals the District Court's order dismissing her complaint for failure

to state a claim.  For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case is well known to the parties, set forth in the District Court's memorandum order, and need not be discussed at length. Briefly, Butts filed a complaint in the District Court. The Magistrate Judge concluded that the allegations in the complaint failed to state a claim and gave Butts the opportunity to amend her complaint. Butts did not file an amended complaint. The Magistrate Judge then issued a Report and Recommendation in which he concluded that Butts had not supported her conclusory claims of discrimination with any factual allegations: she had not explained how any defendant discriminated against her. The District Court adopted the Report and Recommendation and dismissed the complaint for failure to state a claim. Butts filed a document which was construed as a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. In order to state a claim, a plaintiff must make sufficient factual allegations to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In the section of the complaint for the statement of the claim, Butts wrote:

> Discrimination of my Disabilitie
> and My Age - Work - Performance
> Keep me out work for a year ½
> For Medical Records - Granted twice with
> with Funding NEVER - Gotten. Extra

For the relief requested, Butts wrote:

> There the only Place

2

> you Can get funding in York PA.
> For, having Disabilitie. And, Councelor
> keep being Degrading. Legal Aide
> Attorney been Working with them
> Also Carolyn Sexton. 1 ½ Also

Butts attached over two hundred pages of documents to her complaint. From these documents and her other District Court pleadings, it appears that Butts believes that she is entitled to monetary assistance from the Office of Vocational Rehabilitation (OVR) to set up her own small business. The OVR determined that Butts was not eligible for such assistance. Butts asserted that she was discriminated against on the basis of her age, race, and mental disabilities.

We agree with the District Court that Butts has failed to state a claim. She has made no factual allegations that would support a finding that any of the defendants discriminated against her. Her conclusory allegations that the defendants acted unlawfully are insufficient. Twombly, 550 U.S. at 555.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.